IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PLUMBERS AND STEAMFITTERS HEALTH AND WELFARE FUND; ATLANTA PLUMBERS AND STEAMFITTERS PENSION FUND; PLUMBERS AND STEAMFITTERS LOCAL #72 DEFINED CONTRIBUTION FUND; and JEFF HOUSWORTH and DAVID M. McKENNEY, as trustees of the aforesaid Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | _____ |
| ARS MECHANICAL, LLC, | ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## COMPLAINT

Plaintiffs file this Complaint against Defendant ARS Mechanical, LLC ("Defendant") and allege as follows:

### Parties

1.

The Atlanta Plumbers and Steamfitters Health and Welfare Fund (the "Health and Welfare Fund"), Atlanta Plumbers and Steamfitters Pension Fund (the "Pension Fund"), and Plumbers and Steamfitters Local #72 Defined Contribution

Fund (the "Annuity Fund") (collectively, the "Funds") are employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3).  Pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1), the Funds have capacity and standing to bring this suit.

2.

Jeff Housworth and David M. McKenney are representative trustees (the "Trustees") of the Funds. The Trustees exercise discretionary authority and control with respect to the management and disposition of the assets of the Funds. Accordingly, the Trustees are "fiduciaries" of the Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity.

3.

Defendant is a for-profit corporation organized and existing under the laws of the State of Georgia with its principal place of business in Conyers, Georgia. Defendant conducts business in the Northern District of Georgia, breached its agreements with the Funds which are administered in Atlanta, Georgia, and is subject to the jurisdiction of this Court.  Plaintiffs' Summons and Complaint may

be served upon Defendant's registered agent, Alfred B. Shepherd, located at 1941 Gees Mill Road, Conyers, Georgia 30013.

4.

Defendant is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and Section 2(2) of the National Labor Relations Act of 1935, as amended ("NLRA"), 29 U.S.C. § 152(2).

**Venue and Jurisdiction**

5.

This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f); and 28 U.S.C. §§ 1331 and 1337.

6.

Venue of this action is proper in the Northern District of Georgia under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 with respect to all claims asserted by Plaintiffs because the Funds are administered, and Defendant conducts business, in the Northern District of Georgia.

7.

Pursuant to ERISA § 502(h), 29 U.S.C. § 1132(h), upon the Court's entering of this case into the CM/ECF system and the Court's assignment of a civil case

number, Plaintiffs will promptly serve by certified mail filed copies of this Complaint bearing the civil case number upon the Secretary of Labor and the Secretary of the Treasury.

## Cause of Action – ERISA

8.

Pursuant to the collective bargaining agreement between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union No. 72, of Atlanta, Georgia and the Mechanical Contractors Association of Georgia, Inc. (the "Collective Bargaining Agreement"), to which Defendant has assented, Defendant is liable to each of the Funds for fringe benefit contributions (the "Contributions") due and owing each of them.

9.

Defendant, by virtue of its execution of the Collective Bargaining Agreement, is bound to the trust agreements of the Funds (the "Trust Agreements") and the rules and regulations enacted by the Trustees to govern the collection of Contributions.

10.

Defendant is required to submit to the Funds by the 10th day of each month reports showing the Contributions due and owing the respective Plaintiffs for work performed during the previous month.

11.

Defendant is required to remit to the Funds all Contributions due and owing the respective Funds for any given month by the 10th day of the following month and these are deemed delinquent if not made by the last day of the month.

12.

Defendant has defaulted on its obligation described in Paragraph 10 by failing to timely submit the required reports showing the Contributions due and owing Plaintiffs for the month of July 2013.

13.

Defendant defaulted on its obligation described in Paragraph 11 by failing to pay in a timely manner the full Contributions owed to the Funds for work performed during the month of July 2013. The total amount of delinquent Contributions owed to the Funds as a result of Defendant's failure to make payment is approximately $29,108.53.

14.

As a result of its delinquency on its Contributions obligations, Defendant has accrued liquidated damages that have been assessed by the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees.

15.

The total amount of liquidated damages owed to the Funds as a result of Defendant's conduct described in Paragraphs 12 and 13, and assessed by the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees described in Paragraph 14, is approximately $2,241.17.

16.

Defendant has breached its duties and obligations to the Funds under ERISA § 515, 29 U.S.C. § 1145, and under the Collective Bargaining Agreement.

17.

Pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all reports and unpaid Contributions due and owing them.

18.

Pursuant to ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest, in accordance with ERISA § 502(g)(2), on all untimely paid Contributions.

19.

Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Funds also are entitled to recover an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds' plans in an amount not in excess of 20% of the untimely paid Contributions (the "ERISA Statutory Damages").

20.

Pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses of this action, including their attorneys' fees.

\*     \*     \*

WHEREFORE, Plaintiffs pray that this Court grant relief as follows:

(a)     Enter judgment against Defendant for all unpaid Contributions in the approximate amount of $29,108.53;

(b)     Enter judgment against Defendant for liquidated damages in the approximate amount of $2,241.17;

(c)     Enter judgment against Defendant for interest, in accordance with ERISA

§ 502(g)(2), on all unpaid Contributions;

(d)     Enter judgment against Defendant for ERISA Statutory Damages on all

untimely paid Contributions;

(e)     Award Plaintiffs their attorneys' fees and expenses incurred in this

action;

(f)     Grant Plaintiffs such other relief as this Court deems appropriate.

Respectfully submitted this 17th day of September, 2013.

PARKER HUDSON RAINER & DOBBS LLP

/s/ *Tiffany R. Johnson*
Eric Jon Taylor
Georgia Bar No. 699966
V. Justin Arpey
Georgia Bar No. 023753
Tiffany R. Johnson
Georgia Bar No. 638051

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
(404) 523-5300
(404) 522-8409 Facsimile
Email:  ejt@phrd.com
          vja@phrd.com
          trj@phrd.com
*Attorneys for Plaintiffs*